# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **ABRAHAM DELEON-MEDINA** | : | **NO. 15-554** |

## MEMORANDUM

**Savage, J.**                                                                                  **November 5, 2025**

Having served 54 months of a 120-month term of supervised release, Abraham DeLeon-Medina moves for early termination of supervised release.[1] Noting his full compliance while on supervision, he seeks early termination so that he may seek "more lucrative employment opportunities" in music outside the district.[2] He would also like to travel outside the district for his church, and notes that the travel preauthorization requirements "impede his ability to take advantage of missionary opportunities at a moment's notice."[3] Finally, he would like to move his family to South Carolina or Texas.[4]

The government opposes his request, arguing DeLeon-Medina has waived the claim he now makes, served less than half his term of supervised release, and is not harmed by supervision.[5]

On December 21, 2015, DeLeon-Medina pled guilty to one count of conspiracy to distribute heroin and methamphetamine, two counts of possession of heroin and

---

[1] Def.'s Mot. for Early Termination Supervised Release Pursuant to 18 U.S.C. § 3583(e)(1) at 1, Doc. No. 61 ["Mot. for Early Termination"].

[2] *Id.*

[3] *Id.* at 5.

[4] *Id.*

[5] Gov.'s Opp. to Mot. for Early Termination at 1, Doc. No. 66.

methamphetamine, and one count of possession of a firearm in furtherance of a drug trafficking offense. On January 10, 2018, he was sentenced to 95 months' imprisonment followed by ten years of supervised release. Given DeLeon-Medina's compromised health due to obesity amid the COVID-19 pandemic, his sentence was reduced to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). He was released from prison and began serving his term of supervised release on April 28, 2021.

## Discussion

The government contends DeLeon-Medina waived his right to request early termination of supervised release in his plea agreement.[6] The plea agreement stated:

> In exchange for the promises made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.
>   a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.
>   b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal or petition for collateral relief but may raise only a claim, if otherwise permitted by law in such a proceeding:
>     (1) that the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 4 above;
>     (2) challenging a decision by the sentencing judge to impose an "upward departure" pursuant to the Sentencing Guidelines;
>     (3) challenging a decision by the sentencing judge to impose an "upward variance" above

---

[6] *Id.* at 5.

2

> (4) that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance of counsel.
>
> the final Sentencing Guideline range determined by the Court; and/or
>
> If the defendant does appeal or seek collateral relief pursuant to this subparagraph, no issue may be presented by the defendant in such a proceeding other than those described in this subparagraph.[7]

The government, relying on *United States v. Damon*, 933 F.3d 269 (3d Cir. 2019), contends that a petition for early termination is a "challenge" to the sentence that is barred by DeLeon-Medina's plea agreement.[8] It argues that when he entered the agreement, he knowingly and voluntarily waived his right to request early termination of supervised release.[9]

In *Damon*, the defendant's waiver barred "any appeal, any collateral attack, or any other writ or motion ... which challenges the sentence imposed by the sentencing court." *Damon*, 933 F.3d at 271. Here, DeLeon-Medina's plea agreement bars only appeals and collateral attacks. That is it. It does not explicitly preclude his moving for early termination of supervised release.

The agreement specifically identifies three statutory grounds for challenging the conviction or sentence. A motion for early termination under 18 U.S.C. § 3583(e) is not one of them. The government relies on the undefined catch-all "any other provision of law" language. Yet, it points to nothing in the guilty plea colloquy to show that DeLeon-Medina knowingly understood and willingly gave up his right to file for early termination

---

[7] *Id.* at 2–3.

[8] *Id.* at 5.

[9] *Id.* at 6–7.

3

of supervised release under Section 3583(e).  Although the right to file a direct appeal and a motion under 28 U.S.C. § 2255 were expressly identified as barred by the waiver, there was no reference to a motion for early termination.

Our holding that the plea agreement does not bar a motion to terminate supervision is consistent with the decisions and reasoning of other judges of this court.  *See United States v. Alhinde Weems,* No. CR 09-708-1, Docket No. 143 (E.D. Pa. Jan. 6, 2023) (Slomsky, J.); *United States v. Fluellen,* No. CR 09-497-1, 2022 WL 309159 (E.D. Pa. Feb. 2, 2022) (Smith, J.); *United States v. Mabry*, 528 F. Supp. 3d 349 (E.D. Pa. 2021) (Robreno, J.); *United States v. Martinez*, No. CR 13-00619-2, Docket No. 302 (E.D. Pa. Feb. 27, 2020) (Schiller, J.); *United States v. Crews*, No. CR 10-663-5, 2020 WL 6581430 (E.D. Pa. Nov. 10, 2020) (Padova, J.).  Thus, we consider the motion on the merits.

A court may, in its discretion, terminate a term of supervised release after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]"  18 U.S.C. § 3583(e)(1).  Before doing so, the court must consider the sentencing factors set forth in Section 3553(a).  *Id.*  Despite the statutory mandate that a court consider all Section 3553(a) factors, the Third Circuit Court of Appeals has directed that the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment is not relevant to the consideration of early termination of supervised release.  *United States v. Murray*, 692 F.3d 273, 280 (3d Cir. 2012).

Supervised release is not intended to be a form of punishment.  It is meant to help integrate the defendant into the community.  *United States v. Sheppard*, 17 F.4th 449, 454 (3d Cir. 2021) ("[T]he primary purpose of supervised release is to facilitate the

integration of offenders back into the community rather than to punish them." (quoting *Murray*, 692 F.3d at 280)). It is a form of rehabilitation. *Id.* (citing *United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Supervised release fulfills rehabilitative ends, distinct from those served by incarceration.")).

DeLeon-Medina began his journey to rehabilitation after his arrest in this case. He received psychological and substance abuse treatment.[10] During incarceration, he received counseling services, began attending religious services, and started composing and playing music.[11] Since his release from prison, he has established a stable residence with his wife and four children.[12] He has steady employment as a full-time caregiver for Paragon Home Care.[13] He is classified as a low risk level offender, reporting monthly online.[14] He has satisfied all financial obligations.[15]

In addition to these rehabilitation steps, DeLeon-Medina is heavily involved with One Cross Church in North Philadelphia.[16] He has completed certification to become a chaplain.[17] Pastor Luis Orlando Serrano wrote, "We have seen his transformation working in the community and in the church in activities that he carries out with as a musician and worshiper[.]"[18] DeLeon-Medina composes original music, sings, drums,

---

[10] Mot. for Early Termination at 3.

[11] *Id.*

[12] *Id.* at 4.

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.* at 4–5.

[17] *Id.* at 5.

[18] Letter from Pastor Luis Orlando Serrano, Jan. 29, 2025 (attached as Ex. B to Mot. for Early Termination), Doc. No. 61-2.

and plays piano.[19]  Pastor Serrano also writes that DeLeon-Medina has been invited "to worship and give his testimony" both out of state and internationally.[20]

José Travieso is a Christian reggaeton musician with whom DeLeon-Medina has collaborated.  He writes that DeLeon-Medina has "distinguished himself as a dedicated and talented songwriter" whose songs "inspire and uplift others" and "demonstrate[] a true transformation and spiritual renewal in his life."[21]

DeLeon-Medina has demonstrated that he is on his way to rehabilitation.  We commend his personal and professional progress.  But, because he has not served half his term, we hesitate to terminate his supervised release at this stage.  Additionally, he has not requested permission to travel out of state for his church or musical collaboration.  There is no indication that permission to travel outside the district for these purposes would be denied.

Having considered the relevant Section 3553(a) factors, DeLeon-Medina's conduct, and the interest of justice, we conclude that early termination of supervised release is not warranted at this time.  Therefore, we deny his motion without prejudice to his renewing it after serving at least six years of supervised release.

---

[19] Mot. for Early Termination at 4.

[20] Letter from Pastor Luis Orlando Serrano, Jan. 29, 2025 (attached as Ex. B to Mot. for Early Termination), Doc. No. 61-2.

[21] Letter from José A. Travieso, Jan. 28, 2025 (attached as Ex. B to Mot. for Early Termination), Doc. No. 61-2.